UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 01-0311 (TFH) |
| GENO W. JENKINS, | ) ) | |
| Petitioner. | ) ) | |

## MEMORANDUM OPINION

Pending before the Court is Petitioner's *Pro Se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. After careful consideration of Petitioner's motion, Petitioner's supporting memorandum, and the entire record herein, the Court will deny the motion for the reasons explained below.

### I. BACKGROUND

Officers from the narcotics branch of the Metropolitan Police Department's ("MPD") narcotics strike force executed a search warrant issued by the D.C. Superior Court at 1418 S St., S.E. in Washington, D.C. on the morning of August 1, 2001. *See* Def.'s Mot. in Limine (Aug. 31, 2004) at 1 [Dkt. No. 31]. The officers found Petitioner Geno W. Jenkins in a bedroom closet with "numerous items of contraband" (*id.*; Tr. 164:4-17, Jan. 4, 2005) on his person, to wit: "ten-packs of ziplock baggies filled with a white powder, that later proved to be heroin." Def's. Appeal Br. at 6-7, No. 05-3067 (D.C. Cir. Apr. 28, 2006) (citing App. 66, 69, 70). On November 6, 2001, a Grand Jury returned a superceding indictment charging Jenkins with five counts of drug or firearm offenses. Jenkins was tried on those charges in January 2005. On January 12, 2005, after hearing four days of testimony and deliberating for at least two days, a jury acquitted Jenkins on

four counts and found him guilty on Count Two: possession with intent to distribute less than ten grams of heroin in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(c). On April 6, 2005, Jenkins was sentenced to 262 months in prison for that offense, to be followed by six years of supervised release. On February 11, 2008, Jenkins submitted the pending petition, alleging ineffective assistance of counsel.

## II.  DISCUSSION

### A.  Legal Standard

A defendant may "move the court which imposed [his] sentence to vacate, set aside, or correct the sentence" on the grounds that it "was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. But relief under § 2255 is "an extraordinary remedy." *Cassell v. United States*, 2006 U.S. Dist. LEXIS 53600 (D.D.C. July 19, 2006) (citations omitted). "The person seeking to vacate his sentence shoulders the burden of sustaining his contentions by a preponderance of the evidence." *Thorpe v. United States*, 445 F. Supp. 2d 18, 21 (D.D.C. 2006) (citing *United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973)).

To prevail on an ineffective assistance of counsel claim, Petitioner must show both deficient performance and resulting prejudice. That is, he must demonstrate that his attorney's errors were so serious that they deprived him of the right to counsel as guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). "This means that counsel's conduct must have fallen below an objectively reasonable standard, that is, it must have been below prevailing professional norms." *United States v. Motta-Vargas*, 2010 U.S. Dist. LEXIS 44355 (D.D.C. Apr. 30, 2010) (Lamberth, C.J.) (citation omitted). "Judicial scrutiny of counsel's

performance must be highly deferential," and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* As the Supreme Court has recognized, "there are countless ways to provide effective assistance in any given case," *id.*, and absent consideration of counsel's *overall* performance, it would be "all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id*.

In addition to demonstrating attorney error, Petitioner must show the *sine qua non* to a collateral attack on a criminal conviction: resulting prejudice. Specifically, he must demonstrate, in light of "the totality of the evidence before the judge or jury," a reasonable probability that the outcome of his case would have been different but for the error. *Strickland,* 466 U.S. at 695; *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). To satisfy the prejudice prong, the harm must be such "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (quoting *Strickland*, 466 U.S. at 687).

A "reasonable probability" is one "sufficient to undermine confidence" in the verdict. *Id.* at 694-5 ("the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt"); *see Hill*, 474 U.S. at 59; *Lockhart v. Fretwell*, 506 U.S. 364, 366 (the prejudice must be such "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." (citation omitted)); *see also United States v. Bowie*, 198 F.3d 905, 908-909 (D.C. Cir. 1999) (noting that "reasonable probability" need not be greater than fifty percent). If the petitioner fails to make such a showing, a court may dispose of an ineffective assistance claim without deciding whether counsel was constitutionally ineffective. *Id.* at 697.

With this burden in mind, the Court turns to Petitioner's claim.

3

### B. Petitioner's Ineffective Assistance Claim

Petitioner asserts three intertwined grounds for his ineffective assistance of counsel claim. First, he complains that his attorney, Idus J. Daniel, Jr. failed to object to the government's use of his 1978 armed robbery and assault with a dangerous weapon convictions to impeach his testimony under Federal Rule of Evidence 609(b). Mot. at 3. Second, Petitioner claims that Daniel failed to investigate and properly interview Petitioner, arguing that had he done so, Daniel would have learned that the prior conviction evidence could have been excluded under Rule 609(b). Mot. at 7. Finally, Petitioner alleges that Daniel failed to adequately prepare Petitioner to testify because Daniel gave Petitioner "the impression . . . that he would not be confronted by his prior convictions." Mot. at 11.

#### i. *Failure to Raise an Objection to Evidence of a Prior Conviction*

Rule 609 restricts the admissibility of prior conviction evidence to impeach a witness if ten years have elapsed since the later of the witness's conviction or his release from confinement resulting from the conviction. Fed. R. Evid. 609(b) (2004). If, however, the court decides that the evidence's probative value outweighs its prejudicial effect, the court may allow it to be presented. *Id.* The proponent of 609(b) evidence over ten years old must give the adverse party "sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." *Id.* Petitioner claims that, though his parole revocation resulted in his reconfinement, more than ten years had passed since his last release from prison for those offenses. Mot. at 5. Petitioner argues that Daniel should have objected under Rule 609(b) when the government filed notice of its intent to impeach him with this evidence, and that the failure to do so resulted in the presentation of evidence that unduly prejudiced him. Mot. at 5, 11.

On January 3, 2005,[1] the government filed an Amendment to its "Notice of Intent to Impeach Defendant With His Prior Convictions Pursuant to Fed. R. Evid. 609." [Dkt. No. 53.] Therein, the government described five prior D.C. Superior Court convictions, four of which carried consecutive sentences. Specifically, the notice mentioned Jenkins' 1978 convictions on three firearms-related offenses, a 1988 conviction for attempted distribution of heroin, and a 1991 conviction for unlawful distribution of heroin.[2] The notice explains that Jenkins' parole was revoked in 1998 and further states that "[w]hen defendant was release from prison and paroled in November 2000, his remaining parole term was for [his 1988 and 1991 convictions]" which carried consecutive sentences. According to the Presentence Report[3] ("PSR"), Jenkins' parole on the 1978 convictions was revoked in 1998, such that he was confined on those charges until November 2000. PSR at 8. On January 4, 2005, the government filed "Notice of Applicability of Enhanced Penalties and Information Concerning Defendant's Prior Convictions." [Dkt. No. 55.] The notice referred to only Jenkins' 1988 and 1991 heroin convictions.

"As part of the Rule 609(b) time calculation, two important dates must be considered: (1) for the purposes of determining whether a conviction is more than ten years old, the question is whether ten years has expired at the time the witness testifies at trial . . . and (2) under the rule, "release of the witness from confinement" means at the end of imprisonment, not the termination of a period of probation . . . ." *United States v. Pettiford*, 238 F.R.D. 33, 37 (D.D.C. 2006) (citations omitted). Since Jenkins was confined until 2000 on the convictions at issue here, and

---

[1] The filing indicates that a copy of the notice was served upon Jenkins' attorney, Idus Daniel, Jr. On December 30, 2004.

[2] The 1991 conviction is specifically referenced in Count 1 of the Superceding Indictment

[3] At sentencing, the Court adopted the PSR without change.

5

his trial was in 2005, the prior conviction evidence proffered by the government did not fall within the scope of the Rule. Mr. Daniel certainly cannot be faulted for failing to raise a meritless objection.

Moreover, even if one of the convictions was within the scope of the rule, Daniel's decision not to object and to question Jenkins about it would not constitute an error to the extent it was part of a sound trial strategy. *See United States v. Myles*, 10 F. Supp. 2d 31, 38 (D.D.C. 1998) (describing that decision to question defendant on prior offense as part of effort to "portray [him] as forthright and candid about his past, and implicitly, the charges for which he was being tried."); *but see also James v. United States*, 217 Fed. Appx. 431, 436 (6th Cir. 2007) ("The failure to object to clearly inadmissable evidence of prior convictions is not shielded as 'strategy' . . . ."). Indeed, despite Petitioner's complaint that the jury "learned that [he] was convicted of Armed Robbery and Assault with a dangerous weapon in 1978" (Pet'r's Mot. Mem. at 3 [Dkt. No. 79-1]), the jury acquitted him on each firearm count. In light of these facts, the Court cannot conclude that Petitioner has met his burden of demonstrating that his counsel was in any way deficient.

Even if Petitioner could demonstrate a failure to object under Rule 609, he has demonstrated any resulting prejudice, because he cannot. Petitioner broadly states that the conviction evidence "created an atmosphere of prejudice toward [Petitioner]" and that the government used the evidence to effect "undue prejudice" that had a "devastating" effect. Def.'s Mot. 3-4, 5, 6. Aside from these vague assertions, however, Petitioner cites no specific evidence to show a reasonable probability that his case would have had a different result if the evidence were excluded. *See Strickland*, 466 U.S. at 694. Indeed, as mentioned above, the jury acquitted him on four of the five charges against him, including all firearm charges. Additionally,

6

Petitioner cannot show that an objection to proffered evidence that falls within the temporal scope of the rule would have been sustained since Rule 609(b) does not prohibit the presentation of such evidence *per se*; the rule permits it if "the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).

Moreover, in light of the other evidence presented to the jury, Petitioner's mere claims of prejudice are insufficient to demonstrate that the jury relied on prior conviction evidence to reach its verdict on Count Two. *See United States v. Marquez*, 653 F. Supp. 2d 1, 17 (D.D.C. 2009). In *Marquez*, the Court found that defense counsel prejudiced the defendant by effectively making the government's case for them. But the government's case "rested on the testimony of only two witnesses with limited knowledge and questionable credibility" and the defendant's counsel "allow[ed] the government to present additional and more damaging evidence against her client and to effectively rehabilitate the credibility of the two witnesses against him." *Id*. The defendant was entitled to a new trial because "all of the evidence against [him] was affected by counsel's failures; and but for those collapsed alltogether." *Id*. Here, by contrast, the government presented a great deal of evidence beyond Jenkins' prior convictions or his own testimony,[4] and the Court allowed evidence gathered at the scene to be used at trial. For example, MPD Officers provided eyewitness testimony, explaining that they found Jenkins halfway in (possibly entering or reaching into) a bedroom closet with small bags filled with white powder in his pocket. Tr. 164-65, Jan. 4, 2005. Jenkins himself even confirmed that an officer brought him into the hallway and

---

[4] It bears noting that on direct examination by his attorney regarding prior offenses, Jenkins stated "I use[d] to sell drugs to support my [drug] habit." Tr. 194:14-195:1, Jan. 6, 2005.

7

Jenkins "let him know that all I had in my pocket was the dope." Tr. 207-08, Jan. 6, 2005. Officers also explained that they observed an open safe in the closet, which purportedly contained, among other things, a handgun, some marijuana, and a sandwich bag filled with white powder. Def's. Appeal Br. at 6-7, No. 05-3067 (D.C. Cir. Apr. 28, 2006) (citing App. 56-58). One of the officers at the scene, Sergeant Manlapaz, provided trial testimony regarding the contents of the safe and photos taken of the contents of the closet and safe. Tr. 160-166, Jan. 5, 2005; *see also* Mots. Hr'g Tr. 14:16-21:15, Oct. 26, 2004 [Dkt. No. 75]. Other MPD and DEA witnesses also identified items recovered from the house, including $ 8, 889 in cash (*id.* 41-2, 124), heroin (Tr. 19-26, Jan. 6, 2005), quinine (purportedly used as "cutting material" for heroin) (Tr. 200, 202:8-17, Jan. 4, 2005), "plastic spoons for measuring" (*id.*), and an identification card and other paperwork bearing the name of Wesley Geno Jenkins (Tr. 76-7, Jan. 5, 2005).

In light of this evidence, it seems very probable that the jury would have reached the same verdict even had no reference been made to Jenkins' prior convictions. Therefore, the Court cannot find that Mr. Daniel made the prosecution's case by failing to object as defense counsel did in *Marquez*. Petitioner has failed to show prejudice because he has not shown that, "but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694; *Cf. United States v. Hardy*, 2007 U.S. Dist. LEXIS 14149 (S.D. Miss. Feb. 28, 2007) ("A failure by a petitioner's counsel to carry through on a promised defense does not entitle the petitioner to relief where the evidence of his guilt was overwhelming and the defense was not likely to have been successful.") (citing *United States v. Vaquero*, 997 F.2d 78, 92 & n.11, 12 (5th Cir. 1993)).

### ii.     *Petitioner's Remaining Allegations*

Petitioner also claims that Daniel (1) failed to adequately prepare him to testify at trial, and (2) failed to properly investigate his prior offenses. Petitioner alleges that Daniel failed to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary," and that a reasonable investigation would have brought to counsel's attention the fact that his prior convictions failed the Rule 609(b) time limitation. *United States v. Debango*, 780 F.2d 81, 85 (D.C. Cir. 1986); Mot. at 7. Petitioner further couches Daniel's trial preparation as deficient due to the alleged failure to discuss testimony regarding prior convictions with him. Mot. 11. Petitioner avers that he "was under the impression–based on trial counsel's representations–that he would not be confronted with his prior convictions" and that he would not have testified had he been so informed. *Id.*

Since the Court has found Petitioner's assumption that the prior convictions referenced by the government were within the scope of Rule 609(b) to be incorrect, his remaining claims are likewise unfounded. Faced with a "strong presumption that counsel's strategy and tactics fall 'within the range of competence demanded from attorneys defending criminal cases,'" Petitioner provides no evidence of error beyond his claim that his attorney failed to inform him of anticipated questioning regarding his prior offenses. Mot. at 12 (quoting *Strickland*, 466 U.S. at 689. Petitioner claims that he was unduly prejudiced because, had he known of the government's intent, he would neither have testified nor chosen not to plead guilty. Mot. at 9. To show prejudice in pleadings, a defendant must do more than simply state that he would have plead differently. *See Unites States v. Ramsey*, 323 F. Supp. 2d 27, 42 (D.D.C. 2004) ("If counsel is deficient in advising a client of the consequences of going to trial as opposed to accepting a plea

offer . . . the client has an ineffective assistance claim if he can demonstrate that he would have pleaded differently if he had been represented by competent counsel"); *see also U.S. v. Pollard*, 602 F. Supp. 2d 165, 169 (D.D.C. 2009) (holding that a defendant, after pleading guilty, does not show prejudice by making a "bare allegation that he would have plead differently and gone to trial") (internal quotations omitted).

In *Ramsey*, the defendant set forth several reasons why he would have pleaded guilty after moving to for a mistrial, citing, among other things, prior hearing testimony by the defendant that if his counsel had told him his case was unwinnable, he would have pleaded guilty. *Ramsey*, 323 F. Supp. 2d at 43. Here, Petitioner has failed to show any reason to believe that he would have pleaded guilty (or that the government would have accepted such a plea at the time) if he knew that the jury would learn of the prior convictions at issue. Petitioner likewise fails to show that his decision to testify actually prejudiced him, i.e., that without his testimony, it is reasonably probable that the result of trial would be different.[5] *See Strickland*, 466 U.S. 668, 694; *cf. United States v. Wilson*, 2005 U.S. Dist. LEXIS 20113, 26-27 (D.D.C. Sept. 12, 2005). In sum, Petitioner offers nothing to support his allegation of prejudice and the strong evidence of guilt

---

[5] Petitioner requests an evidentiary hearing. Mot. at 12. The Court declines to hold a hearing because Petitioner raises no issue that requires consideration of information not within the record before the Court. Petitioner's claims of attorney error with regard to Rule 609 are unfounded, and he has shown no prejudice resulting from the alleged failure to inform regarding anticipated questioning on prior offenses or any other alleged attorney error. Accordingly, the Court finds that Petitioner's claims are speculative, and do not require a hearing absent the required showing of prejudice to Petitioner. *See United States v. Morrison*, 98 F.3d 621, 626 (D.C. Cir. 1996) ("summary denial of a § 2255 motion is appropriate when the ineffective assistance claim is speculative."); *United States v. Sayan*, 968 F.2d 55, 66 (D.C. Cir. 1992) ("When a section 2255 motion involves ineffective assistance of counsel claims, no hearing is necessary if the alleged deficiencies of counsel did not prejudice the defendant."); *United States v. Fennell*, 53 F.3d 1296, 1304 (D.C. Cir. 1995) ("With two exceptions, claims of ineffective assistance of counsel require a fact-finding hearing . . . . One exception occurs when the trial record alone conclusively shows that the [petitioner] is entitled to no relief."); *United States v. Wilson*, 2005 U.S. Dist. LEXIS 20113, 47-48 (D.D.C. Sept. 12, 2005).

adduced at trial trivializes any such prejudice. *Cf. United States v. McCord*, 509 F.2d 334, 347 (D.C. Cir. 1974); *James*, 217 Fed. Appx. at 436 ("Although 'overwhelming' might be too strong a word to describe the Government's case, it was solid enough overall, and . . . any error involved in the brief reference to the prior . . . conviction was harmless as a matter of law.") (quoting *United States v. Scisney*, 885 F.2d 325, 327 (6th Cir. 1989)).

### III.  CONCLUSION

Petitioner's motion misconstrues Rule 609 and ignores the considerable testimony and physical evidence presented at trial. Accordingly, the Court concludes that counsel's decisions regarding prior conviction evidence proffered by the government was not erroneous and that the deficiencies alleged visited no prejudice upon the petitioner. Thus, petitioner's trial counsel did not provide ineffective assistance. For the reasons stated herein, Petitioner's motion to vacate, set aside or correct his sentence will be denied.

An Order accompanies this Memorandum Opinion.

May 24, 2010                                           /s/
                                                    THOMAS F. HOGAN
                                              UNITED STATES DISTRICT JUDGE