UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

GENO W. JENKINS,

                Petitioner.

Crim. No. 01-0311 (TFH)

**FILED**
JUL 10 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION

On April 23, 2013, the United States Court of Appeals for the District of Columbia Circuit directed this Court to determine whether the petitioner, Geno Jenkins, is entitled to a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c). This Court previously denied Petitioner's 28 U.S.C. § 2255 motion and denied Petitioner's motion, pursuant to Fed. R. Civ. P. 60(b), to reissue the Court's order on the § 2255 motion. For the reasons below, this Court concludes that a Certificate of Appealability is not warranted.

### I.  Factual and procedural background

On April 6, 2005, Petitioner Jenkins was sentenced to 262 months in prison after being found guilty of possession with intent to distribute less than ten grams of heroin. On February 11, 2008, Jenkins filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. This Court denied that motion on May 28, 2010. On February 7, 2013, Petitioner filed a motion requesting that the Court vacate and reissue its May 28, 2010 Opinion and Order, pursuant to Fed. R. Civ. P. 60(b). In support, Petitioner argued that he never received a copy of this Court's May 28, 2010 Opinion and Order,

that he did not learn of the denial of his § 2255 motion until February 1, 2013, and that the Court should therefore resissue its order to allow him to file a notice of appeal within the required time period. On March 5, 2013, this Court denied Petitioner's motion to reissue its order, finding that the petitioner filed his February 7, 2013 motion well outside the clear 180-day time limit specified in Fed. R. App. P. 4(a)(6).

## II.     Legal Standard

A Certificate of Appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Gregg*, No. 07-3087, 2008 U.S. App. LEXIS 3464, at *1 (D.C. Cir. Feb. 7, 2008) (requiring a certificate of appealability to pursue appeal of ruling on Rule 60(b) motion). To make a substantial showing of the denial of a constitutional right, the petitioner must "show[] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). After carefully considering the entire record in this case, the Court concludes that a Certificate of Appealability is not warranted.

Where, as here, the court denied the habeas petition on procedural grounds, a Certificate of Appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* When, however, a "plain procedural bar is present" and "the district court

is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

### III. Analysis

As discussed in the Court's March 5, 2013 order denying Petitioner's Motion to Reissue the Court's May 28, 2010 Order, the Petitioner failed to file his motion to reopen the period of appeal on the latter order within 180 days if its issuance. The clear language of Federal Rule of Appellate Procedure 4(a)(6) states that the district court may only reopen the time to file an appeal if "the motion is filed within 180 days after the judgment or order is entered . . . ." Fed. R. App. P. 4(a)(6). Further, the Advisory Committee Notes to the 1991 Amendment to Rule 4 specifies "an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal." Fed. R. App. P. 4 advisory committee's note. Thus, "the district court lacks power to adopt a unique circumstances exception pursuant to Rule 60(b) to circumvent the 180-day deadline of Appellate Rule 4(a)(6)" *In re Sealed Case (Bowles)*, 624 F.3d 482, 489 (D.C. Cir. 2009). Given the clear language of the applicable rules and case law, this Court finds that no reasonable jurist could conclude that this Court erred in denying Petitioner's Motion to Reissue the Court's May 28, 2010 Order.

### IV. Conclusion

In light of the entire record, reasonable jurists could not debate whether Petitioner's Motion should have been resolved in a different manner or that the issues presented were

3

adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483-84. As a result, because the petitioner has not made a substantial showing of the denial of a constitutional right, the Court will decline to issue a Certificate of Appealability.

An appropriate Order accompanies this memorandum opinion.

July 5, 2013

Thomas F. Hogan
Senior United States District Judge

cc:  Mr. Geno W. Jenkins
     #07387-007
     FCI-Milan
     P.O. Box 1000
     Milan, MI 48160